IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                    CRIMINAL ACTION NO. 2:21-cr-00023

MICHAEL ANDREW KING, JR.,

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Dismiss the Superseding Indictment. [ECF No. 61]. Defendant argues that the superseding indictment [ECF No. 52] returned against him should be dismissed because it was brought against him out of prosecutorial vindictiveness. Specifically, Defendant alleges that the Government sought the superseding indictment only because he refused to plead guilty and informed the Government that he intended to go to trial on the original single-count indictment. Defendant argues that by seeking the superseding indictment after his insistence on going to trial, the Government was punishing Defendant for exercising his right to trial on the original indictment. Because the superseding indictment can be justified as a proper exercise of prosecutorial discretion, and the circumstances do not give rise to a presumption of vindictiveness, the Motion to Dismiss is **DENIED**.

Prosecutorial vindictiveness—"punish[ing] a person because he has done what the law plainly allows him to do"—"is a due process violation of the most basic sort." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). That is, "a prosecutor violates the Due Process Clause of the Fifth Amendment by exacting a price for a defendant's

exercise of a clearly established right." *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). For example, "if a prosecutor responds to a defendant's successful exercise of his right to appeal by bringing a more serious charge, he acts unconstitutionally." *Id.* (citing *Blackledge v. Perry*, 417 U.S. 21, 28–29 (1974)).

Prosecutorial vindictiveness can be shown through direct evidence or by "evidence of circumstances from which an improper vindictive motive may be presumed." *Id.* To prove actual vindictiveness, "a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." *Id.* (citing *United States v. Goodwin*, 457 U.S. 368, 380 n.12 (1982)). When a defendant seeks to invoke the presumption of vindictiveness, he "must show that the circumstances 'pose a realistic likelihood of vindictiveness.'" *Id.* (quoting *Blackledge*, 417 U.S. at 27)). However, "[b]ecause the presumption of vindictiveness must be applicable to all cases presenting the same circumstances, it will rarely, if ever, be applied to prosecutors' pretrial decisions." *Id.*

This is especially true in circumstances like those presented here, where a prosecutor obtains a superseding indictment after a defendant persists in his plea of not guilty following plea negotiations wherein the prosecutor threatened to bring additional charges if the defendant did not plead guilty. *See Bordenkircher*, 434 U.S. at 363; *United States v. Williams*, 47 F.3d 658 (4th Cir. 1995). The Fourth Circuit has made it patently clear that "[a] prosecutor's threats to seek a harsher indictment are constitutionally legitimate even though the prosecutor's goal in making those threats is to convince the defendant to waive his right to plead not guilty." *Williams*, 47 F.3d at 661. "If a prosecutor brings additional charges after a defendant refuses to accept

2

a plea bargain, a court cannot presume that the additional charges are an impermissible penalty for the defendant's refusal." *Id.* "In the pretrial situation, then, a defendant must show that a prosecutor's decision to bring more severe charges against him was motivated by actual vindictiveness." *Id.* at 662. Given the Fourth Circuit's acceptance of charge bargaining in this way, it is clear that evidence of a prosecutor following through on his threat to bring more charges is not evidence that the prosecutor acted with animus toward the defendant. This is true even when, as here, "the prosecutor was in possession of th[e] evidence [of the additional charges] at the time the original indictment was obtained, and [] the prosecutor sought the additional charge[s] because of the accused's refusal to plead guilty to the original charge." *Goodwin*, 457 U.S. at 377.

In these circumstances, the defendant cannot show that the superseding indictment was motivated by prosecutorial vindictiveness. As the Supreme Court has explained, "by tolerating and encouraging the negotiation of pleas, this Court ha[s] accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his constitutional right to stand trial." *Id.* at 378. Defendant's Motion to Dismiss [ECF No. 61] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   July 28, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3